893 So.2d 641 (2005)
In the Interest of H.F., a child.
Y.F., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D04-1252.
District Court of Appeal of Florida, Second District.
February 16, 2005.
*642 Virginia R. Vetter, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tanya E. DiFilippo, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Y.F. (the Mother) appeals the final judgment terminating her parental rights to her son, H.F. Because the Department of Children and Family Services (the Department) failed to present clear and convincing evidence to support the termination of the Mother's parental rights, we reverse.
In its order, the trial court terminated the Mother's parental rights pursuant to section 39.806(1)(c) and (1)(e), Florida Statutes (2003). Termination under section 39.806(1)(e) was based on the Mother's alleged noncompliance with her case plan. However, the Department's request for termination based on this statutory ground was fatally flawed from its inception. The Department filed its amended petition for termination as to H.F. on December 17, 2002. The court-approved case plan concerning H.F. was not filed and approved until July 14, 2003. The Department concedes that it was error for the trial court to terminate the Mother's parental rights pursuant to section 39.806(1)(e) because no case plan had been filed with the court prior to the filing of the amended petition for termination of parental rights. We agree.
The trial court also based its termination decision on the alternative statutory ground of section 39.806(1)(c). In its order, the trial court found that the Mother's "continuing involvement in the parent/child relationship threatens the life or well-being of the child irrespective of the provision of services by the Department." The Department argues for affirmance based on this ruling. After a thorough review of the record, we are unable to affirm the order of the trial court on this basis.
To prove the grounds for terminating parental rights under section 39.806(1)(c), the trial court must find that the child's life, safety, well-being, or physical, mental, or emotional health would be threatened by continued interaction with the parent, regardless of the provision of services. "In essence, the trial court must find that any provision of services would be futile or that the child would be threatened with harm despite any services provided to the parent." R.W.W. v. State, Dep't of Children & Families (In re Interest of C.W.W.), 788 So.2d 1020, 1023 (Fla. 2d DCA 2001). Moreover, "[t]he Department must prove the allegations supporting the termination of parental rights by clear and convincing evidence." O.M. v. Dep't of Children & Family Servs. (In re Interest of G.C.A.), 863 So.2d 476, 479 (Fla. 2d DCA 2004).
In this case, the trial court's order contains the requisite findings. However, the Department did not present clear and convincing evidence necessary to support the termination of the Mother's parental rights. At the final hearing, the focus of the Department's case was on the Mother's noncompliance with the case plan and *643 all of its evidence was directed to that issue. The Department devoted a substantial portion of its case to the Mother's failure to complete an intensive parenting course. Although the Mother admitted that she did not complete the course, the Department did not prove, or even argue, that the Mother's failure to complete the course threatened the child in any way. In short, the Department's reference to section 39.806(1)(c) in its amended petition was little more than filler. Because the Department did not present clear and convincing evidence that the Mother's continuing involvement in the parent-child relationship threatened the life, safety, or well-being of the child, the trial court's finding that termination was warranted under section 39.806(1)(c) is unsupportable.
Neither of the grounds upon which the trial court based the termination is supported by clear and convincing evidence. Accordingly, we are compelled to reverse the order terminating the Mother's parental rights and remand this case to the trial court for further proceedings.
Reversed and remanded for further proceedings.
ALTENBERND, C.J., and DAVIS and WALLACE, JJ., Concur.